(40 Misc. Rep. 262.)

### AMERICAN SURETY CO. OF NEW YORK v. COSGROVE.

(Supreme Court, Special Term, New York County.   March, 1903.)

1. EXECUTION AGAINST THE PERSON—VALIDITY.

Where a judgment debtor lived in the city of New York until he was sent to the reformatory of Chemung county, he cannot, while incarcerated, be deemed a resident of such county, and an execution issued to that county pending his incarceration, and returned unsatisfied, is not a compliance with Code Civ. Proc. § 1489, authorizing the judgment creditor to issue an execution against the person when execution to the county of his residence has been returned unsatisfied.

Action by the American Surety Company of New York against Charles E. Cosgrove. Judgment for plaintiff. Motion to set aside an execution against the person. Granted.

The plaintiff obtained judgment for $15,391.65 against the defendant herein August 6, 1901, and on August 13th following issued execution against the defendant's property to the sheriff of Chemung county; the defendant being then confined in Elmira Reformatory, situated in said county. Said execution was returned unsatisfied. The defendant was born in New York county, and the only time when he was absent from New York City for any considerable period was during his incarceration in Elmira Reformatory. Section 1489 of the Code of Civil Procedure provides that unless the judgment debtor is actually confined by virtue of an execution against his person in another action, or of an order of arrest, or a surrender by his bail in the same action, an execution against his person cannot be issued until an execution against his property has been returned wholly or partly unsatisfied; and, if the judgment debtor is a resident of the state, the execution against his property must have been issued to the county where he resides. On January 30, 1903, the defendant was arrested by the sheriff of New York county, under an execution against the defendant's person issued to said sheriff, and confined in Ludlow Street Jail. No execution against the defendant's property had been issued to New York county.

Thomas F. Keogh, for the motion.
Henry C. Willcox, opposed.

81 N.Y.S.—60

BISCHOFF, J.   The issuance of execution against the defendant's property to the county of Chemung, as the place where he at the time resided, is sought to be justified solely upon the fact that the defendant was within that county as a prisoner in the Elmira Reformatory, whither he was sent upon his conviction of a crime. Concededly, the last place of the defendant's sojourn within the state was the city of New York, and it is impossible to hold that, for the purposes of an execution against his person (Code Civ. Proc. § 1489), he "resided" where he was imprisoned.   Whether the word "residence" be taken in the sense of domicile or of abode, it implies a place where the party is situated through choice, and where, in some conceivable matter, his personal belongings would be the more readily found; and it has been distinctly ruled that neither in its legal nor in its popular meaning is the word "residence" satisfied by an incarceration in any particular place.   Grant v. Dalliber, 11 Conn. 234. There was an absolute failure of compliance with section 1489 of the Code of Civil Procedure, in that, before the issuance of execution against the person of the defendant, no execution against his property had been issued to the county of his residence.   The execution against the defendant's person should therefore be vacated, and he be given his liberty.

Motion granted, with costs.