Frank A. Gulotta, J.
This is an article 78 proceeding to annul the action of the respondent School Board in adopting an austerity budget and to direct it to resubmit a new budget to the voters in which optional items such as transportation, cafeteria service, adult education, etc., may be voted on separately.
There are two grounds relied on by the petitioner as the legal basis for his complaint — First, that section 2023 of the Education Law which is the authority for adopting an austerity budget, is unconstitutional in that it provides for a delegation of the taxing power to the School Board after an unfavorable vote by the inhabitants of the district, without providing any method for review of the board’s actions. Second, that assuming the law to be valid, the action of the board in submitting and then resubmitting the same budget without change, and without m airing any effort to ascertain why it was voted down initially, followed by the precipitate adoption of a stripped down budget of essentials only, was arbitrary and capricious.
To sustain the first point, petitioner points to section 1 of article XVI of the New York State Constitution in pertinent part reading as follows: “ Any laws which delegate the taxing power shall specify the types of taxes which may be imposed thereunder and provide for their review.”
It is said that since section 2024 of the Education Law provides only for a limited review of some budget items by the *861 Commissioner of Education, it is insufficient to comply with the constitutional mandate.
This would appear to be true insofar as section 2023 divides the budget into two categories, viz., teachers’ salaries and ordinary contingent expenses and then in section 2024 provides for review only of the latter.
However, there is no reason to conclude that the general review section, to wit section 310, is not adequate to fill this gap. Subdivision 7 of that section authorized an appeal to the Commissioner by any person who conceives himself to be aggrieved ‘ ‘ By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools.”
It is true as petitioner states that the remedy under this section is nonexclusive, and that he is not thereby precluded from appealing to the courts (Matter of Jacobson v. Board of Educ., 177 Misc. 809; Matter of Frankle v. Board of Educ., 285 N. Y. 541), but by the same token does not this dispose of petitioner’s first argument.
It is one thing to say “ I choose not to appeal to the Commissioner ” and another thing to say “ I am being denied a review because I choose not to seek it.” Matters of teachers’ salaries are within the purview of departmental appeals, e.g., see Matter of Shaddock (76 N. Y. St. Dept. Rep. 7), where such an appeal was disposed of.
Furthermore, this very proceeding is itself a review, although not as comprehensive as petitioner would perhaps like to have it, since the function of the court is to protect vested legal rights and it has no power to review discretionary matters committed by law to the judgment of the School Board, unless they abuse that discretion, or act in an arbitrary or capricious manner. (Matter of McCarthy v. Board of Educ., 106 Mise. 193.)
The suggestions by the petitioner as to what the board might have done before (as he says), petulantly adopting an austerity budget out of hand, to teach the taxpayers a lesson for having had the temerity to vote the same budget down twice, are not without some merit.
However, they are only that — suggestions — matters of opinion as to a better way to have handled a problem.
The remedy for dissatisfaction on this score is the ballot, or in some cases an appeal to the Commissioner of Education, whose powers in this regard are somewhat broader than those of the court. See Matter of Craig v. Board of Educ. (173 Misc. 969, affd. 262 App. Div. 706), where it was said (p. 977): “In *862 appraising the judicial nature of the act of the Commissioner of Education, it must be remembered that he combines both judicial and administrative functions. When he decides appeals where he has occasion to construe statutes, he undoubtedly acts in a judicial capacity. But in passing upon the propriety of educational policy by a particular school board or school district, he acts in a broader capacity than the courts, by reviewing at times administrative acts of discretion of which a court would refuse to take cognizance.”
The court has no power to order a resubmission of the budget in the absence of a showing of a clear legal right to that relief, such as might be the case where a board failed to post or publish proper notice, or to perform some other act enjoined by law, which is not the case here. Therefore, the proceeding is dismissed on the merits.
Short-form order signed.