Samuel S. Leibowitz, J.
Motion, by plaintiff, for an order directing the County Clerk to tax disbursements on a judgment to be entered in its favor. Defendants move by cross motions for orders awarding them costs and disbursements.
A decision in plaintiff’s favor was rendered, after trial, for the sum of $2,000, together with costs and disbursements against one of the defendants herein. Subsequently, pursuant to CPLB 8102, the provision for costs and disbursements was eliminated, at the court’s direction, and thereafter, the amount awarded in plaintiff’s favor was increased to $2,300, on consent of the parties herein. The plaintiff made no request at that time for disbursements.
*1043 On this application, the plaintiff now moves pursuant to CPLB 8301 (subd. [e]) for disbursements. That provision reads as follows: ‘ ‘ Disbursements to party not awarded costs. The court may allow taxation of disbursements by a party not awarded costs in an action or on appeal; and shall allow taxation of disbursements by a party not awarded costs in an action for a sum of money only where he recovers the sum of fifty dollars or more. ’ ’
Plaintiff contends that the latter portion of CPLR 8301 (subd. [c]) is mandatory and entitles it to disbursements since its recovery here is for “ the sum of fifty dollars or more;”
CPLR 8301 (subd. [e]) must be read as a whole — -the latter portion cannot be disassociated from the first part.
The commentary by Weinstein-Korn-Miller, New York Civil Practice (vol. 8, par. 8301.36) is most illuminating on that score: “ The second clause of CPLR 8301(c) acts as a limitation on the first clause of CPLR 8301(c) because it restricts the court’s power to award disbursements to a party not entitled to costs in an action to recover a sum of money only to those cases in which ‘ he recovers the sum of fifty dollars or more.’ * * * Unfortunately, the clause is written in an extremely obscure fashion.”
A close examination of the statutory provision supports the foregoing view. Where the language is clear and unambiguous, the statutory intent will appear sufficiently plain to require no further interpretation. In any other circumstance, it becomes important to refer back to the statutory intent. As so well stated in People v. Ryan (274 N. Y. 149, 152): “ The legislative intent is the great and controlling principle. Literal meanings of words are not to be adhered to or suffered to ‘ defeat the general purpose and manifest policy intended to be promoted ’ ”. (Quoted with approval in Essenfeld Bros. v. Hostetter, 14 N Y 2d 47.)
It follows that the allowance of disbursements to the plaintiff lies in the court’s discretion. On that basis plaintiff’s motion is denied. Likewise, the defendant’s cross motions are also denied.