Michael Catalano, J.
Defendant moves for judgment setting aside the alleged service of the summons and dismissing “ the cause of action entitled in the same.”
Defendant’s affidavit states that he was born in Lucasville, Ohio, on June 3, 1915; he lived in Detroit, Michigan, 1939 to 1947, when he married his wife in Dearborn, Michigan; he worked for plaintiff from “ November, 1955 until I was wrongfully discharged on April 14, 1966, and lived at 300 Depew Avenue, Buffalo, New York, during that period.” Although he does not state any address or place of residence, defendant states that he always intended Michigan to be his permanent domicile; on April 14,1966, he immediately returned to Michigan and was not physically in New York State since then; on April 14, 1966, he entered into a one year’s lease of “ apartment facilities ” in Detroit, Michigan, which he intends to make his home; on April 27, 1966, he filed a certificate of incorporation in Michigan as sole stockholder intending to do business there; he registered his automobile in Michigan, placing Michigan plates on it.
Plaintiff’s attorney’s affidavit states that he attempted to serve the summons herein on defendant by going to defendant’s residence, 300 Depew Avenue, Buffalo, New York, 13 times between April 16, 1966 to April 22, 1966, on which last date deponent deposited a copy of the summons enclosed in a postpaid wrapper, first class certified mail with return receipt requested at his last known address as aforesaid, and affixing a true copy of the summons to the main entrance of said residence ; the receipt was returned in due course indicating receipt of the summons by defendant; defendant is a registered voter in Erie County, New York, showing residence at 300 Depew Avenue, Buffalo, New York, having voted therefrom in the general elections of 1964 and 1965; “ said registration has not been cancelled and is still in full force and effect; ” defendant, since 1963 to the date of commencement of this action, has been owner of record of 300 Depew Avenue, Buffalo, New York; that by *677 deed dated August 4, 1966, acknowledged by him in Worcester, Massachusetts, he sold said premises; defendant’s telephone at 300 Depew Avenue, Buffalo, New York is still listed in his name and bills are rendered to him; the Buffalo City Directory, 1965, latest edition, states he owns said residence; he maintained a checking account at the Marine Midland Trust Company in Buffalo, New York; apparently said Depew Avenue residence is worth about $56,000; that during deponent’s attempts to serve defendant at the Depew Avenue premises, “ the lights were lighted, the grass was cut, the flower beds had been prepared by spring maintenance that during May to and including August, 1966, the lawn there was maintained and lights were lit both in and outside of the house.
Another affiant states that defendant was employed by plaintiff for 10 years, November 1, 1959 through October 31, 1969, at an annual salary of $10,200 plus bonus, totalling as high as $47,439.85; that for many months prior to April 14, 1966, defendant breached his contract; thus, his discharge.
The only question is: Was the summons affixed to defendant’s “ dwelling house ” or “ usual place of abode ” within the State of New York?
Old Civil Practice Act section 230 (repealed as of Sept. 1, 1963; L. 1962, ch. 308) provided for substituted service of a summons on a “natural person residing within the state” (emphasis added). Old Civil Practice Act section 231 (repealed as of Sept. 1, 1963; L. 1962, ch. 308) also providing for substituted service of a summons, included the words ‘ ‘ affixing the same to the outer or other door of the defendant’s said place of business or office, or of his residence ” (emphasis added).
New CPLB 308 (subd. [3]) (L. 1962, ch. 308, eff. Sept. 1, 1963) states “ affixing the summons to the door of his place of business, dwelling house or usual place of abode within the state ” (emphasis added).
In the present statute (CPLB 308, subd. [3]), the words “ dwelling house ” and “usual place of abode ” were substituted for “ residence ” in order “ to broaden the provisions of personal service while still remaining within the boundaries of sufficient and adequate notice by due process.” (Weinstein-Korn-Miller, N. Y. Civil Practice, par. 308.14.)
Under the old law this type of service was called ‘ ‘ substituted service; ” under the new law it is called “ personal service.” Whatever it may be called, the old law substituted defendant’s “ residence ” for defendant’s person; the new law did more, it included a “ dwelling house ” and “ usual place of abode ” as the substitute for defendant.
*678 “Residence ” means living in a particular locality; “ domicile ’ ’ means living there with intent to make it a fixed and permanent home. (Matter of Newcomb, 192 N. Y. 238, 250.) Domicile continues until a new one is acquired; the burden of proof rests on the person alleging a change. (Ibid.)
Under the old statutes, it was held: Where defendant purchased a co-operative apartment, intending to occupy it in the future, but which was never completed, furnished or occupied by him, it is not his “ residence.” (Young v. Young, 10 A D 2d 922, decided May 17,1960.)
Here, defendant only states he rented out-of-State “apartment facilities” but does not state whether it was complete, adequate, furnished or occupied by him. He has the burden of proof, which he has failed to meet.
Under the old statutes, it was held: Where defendant is listed as the occupant of an apartment, and his name has appeared in the telephone directory listings at that address for four years, and his name appears on the business directory at his place of employment in New York City, and his luggage has not been removed from the basement of the apartment, he is a permanent “ resident ” of this State, although he was not physically present here at the time of service. (Cottakis v. Pezas, 12 Misc 2d 215, 216, decided May 19, 1958.)
Here, defendant lived in his $56,000 dwelling house in this State where he is a registered voter, the owner of this house as of record, listed in the telephone directory listings for that address, listed in City of Buffalo Directory for that address, and maintained an active checking bank account in Buffalo, New York.
In 1934, the Court of Appeals (Rawstorne v. Maguire, 265 N. Y. 204) in construing the old statute (Civ. Prac. Act, § 230), held that a hotel room, after defendant removed his baggage returning to Virginia, his State of domicile, was not a ‘ ‘ residence.” “A person continues a ‘ resident ’ of a State where he is domiciled even though temporarily absent from the State. A person is actually not a ‘ resident ’ of the State when he leaves the State to return to his domicile and gives up his home here. ’ ’ (Ibid., p. 209.)
Here, defendant’s domicile was 300 Depew Avenue, Buffalo, New York; it was not a hotel room. Defendant did not remove his personalty from New York to Michigan on April 14, 1966. nor at any other time, according to defendant’s affidavit.
“ Dwelling house ” means a house in which a person dwells, lives or abides. (Webster’s Dictionary.) “ Dwell ” is to be dis *679 tinguished from “ reside,” which means “ to dwell permanently or continuously.” (Webster’s Dictionary.)
If 300 Depew Avenue, Buffalo, New York was not defendant’s “ dwelling house ” from April 16, 1966 to April 22, 1966, whose was it? Defendant “ entered into a one year’s lease of apartment facilities in Detroit ” on April 14, 1966, but he never lived there, he never moved his personal effects and other property to Detroit, he never saw the ‘ ‘ apartment facilities, ’ ’ during this period, from anything contained in his affidavit. He never stated the address, size, contents or facilities of the leased apartment facilities. Merely filing, on April 27,1966, articles of incorporation in Michigan adds nothing to defendant’s case, especially when he states on June 30, 1966, “ I intend to conduct business in the State of Michigan through this corporation which is wholly owned by me.” (Emphasis added.) He has not done anything but file. As the moving party, defendant has the burden of proving his contentions; this he has failed to do.
“Usual place of abode ” means a place (not necessarily a “house ”) where a person usually (not necessarily “ continuously ”) abides, sojourns, or temporarily stays “asa temporary resident or as a stranger.” (Webster’s Dictionary.)
Here, 300 Depew Avenue, Buffalo, New York, during April 14,1966 to April 22,1966, was at least a ‘1 usual place of abode ’ ’ of this defendant. It remained his alter ego for personal service during that time.
Defendant has lost this race of diligence to avoid service of process. Motion denied, without costs.