Joseph Liff, J.
Petitioners, a father and his daughter Diane, seek a judgment directing either Union Free School District No. 18 (Garden City) or Union Free School District No. 21 (Rockville Centre), both in the Town of Hempstead, Nassau County, to admit Diane, a young lady of 18 years, as a student. The petition herein identifies the school districts by their geographical locations rather than by district numbers and we will adopt the same method for the sake of clarity.
Diane Stillman asserts that since April of this year she has been a resident of Garden City; that she has but one year left in high school; that she takes all her meals at her residence where she has cooking facilities and has no other residence or domicile; that her parents are divorced and that under a separation agreement'made between them she is permitted to choose to live with one parent or the other or to live alone; that during the months of April, May and June, she completed her junior year in high school in Rockville Centre; that she used four hours of each day traveling from her home in Garden City to Rockville Centre; that this was an unnecessary waste of time and effort and hindered her studies and that therefore at the beginning of the current school year she sought to register in the Garden City high school where she was denied admission. She then turned to the Rockville Centre high school where she was told that she could not be admitted because her residence was in Garden City.
She claims thus that she is being deprived of her constitutional right to complete her education (N. Y. Const., art. XI, § 1). She is entitled to attend the public schools maintained in the district in which she resides (Education Law, § 3202, subd. 1). Miss Stillman explains that her father supports her; that he could afford no more than a furnished room; and that she was able to find a suitable room in Garden City. It was stated upon the argument of the application, though it is not set forth in the papers submitted, that the reason desirable accommodations were available in Garden City and not Rockville Centre *821 is that a university located in the first area has a number of students seeking similar living quarters and Miss Stillman found space in a home where other students are living. She has a telephone listed in her own name at her residence. She asserts that she has no plans to change her address. The father continues to live in Rockville Centre but in an apartment while the mother now resides in New York City.
In an affidavit the attorney for the Rockville Centre district states that he met with the father and examined a copy of a separation agreement dated November 26, 1968 made between the parents from which he quotes a portion which recites that the parents should have joint custody and that on the advice of a certified psychologist they agreed that the best interests of the child required that she live separate and apart from the parents although they reserved to her the right to reside with either of them “ at some future time ” should she wish. The agreement also recited that visitation should be agreed upon between Diane and that parent who desired visitation.
The Garden City district urges that petitioners have not exhausted their administrative remedies by way of an appeal to the Commissioner of Education and therefore this proceeding should be dismissed, and they rely on Matter of Board of Educ. v. Allen (29 A D 2d 24) and quote from that decision the following language (pp. 28-29): “ The Commissioner must initially determine the question of what facts are relevant in determining when tuition is required and the responsibility therefor, pursuant to the language of section 3202.” We believe the respondent has misinterpreted the statement. That was not a holding that an appeal must first be made to the Commissioner of Education but a statement as to how the Commissioner would proceed when considering the question. The party seeking relief may apply to the courts since the remedy under section 310 of the Education Law is not exclusive (Matter of Leeds v. Board of Educ., 19 Misc 2d 860, affd. 9 A D 2d 905).
The question of residency is a mixed question of law and fact and the presumption that a child’s residence is that of the parents may be overcome (Cohen v. Delaware, Lackawanna & Western R. R. Co., 150 Misc. 450; Matter of Duffy, 75 N .Y. St. Dept. Rep. 25; Matter of Arciero, 75 N. Y. St. Dept. Rep. 46). In the Cohen case the court held that a young man, 18 years of age, whose father was deceased and who, when his mother remarried, left her home with her approval and consent and came to New York and maintained himself, had been emancipated and had a right to establish an independent domicile. It *822 is the family unit which is the basis for the rule that the child’s residence would follow that of his father. However the pre-' sumption, as we have seen, can be overcome by the circumstances in a particular case.
We find that here the parents and Diane have by their agreement in the interest of Diane, emancipated her. The parents have recognized that she is no longer a child of tender years and that she can be entrusted with the responsibility of making some decisions on her own. There are many people who believe that the right to vote should be given to young adults at the age of 18 and of course many men at that age are serving in the armed forces. The competency of an 18 year old to dispose of property by will has been recognized (Decedent Estate Law, § 15). As Mr. Justice Brennan said in Matter of Drayton v. Baron (52 Misc 2d 778, 780), in each case a factual determination must be made as to the apparent care, custody and control of the child. Here the parents have given up custody and have given up the right to recall the child at any time (cf. Matter of Cannon, 46 N. Y. St. Dept. Rep. 526).
This court recognizes the concern of the members of the Boards of Education who discharge their duties at such great personal cost and who seek to avoid the imposition on a school district of a requirement to support children who are not properly residents of the 'district. However, there need be no fear that this decision would open the floodgates to those seeking admission to a school in a district other than that in which they reside. This determination is unique as the facts are unusual and the facts presented in the individual case are what lead to the conclusion (cf. Matter of Ramirez, 64 N. Y. St. Dept. Rep. 111). Here the parents have not relinquished control to another individual as was the case in Matter of Willoner (65 N. Y. St. Dept. Rep. 19) but Diane has by an agreement between the parties giving her the choice, having been emancipated to a very considerable extent out of necessity. Diane has acquired an independent residence (cf. Matter of Horowitz v. Board of Educ. of Yonkers, 217 App. Div. 233, 238).
She should be admitted to the schools in G-arden City where she resides and the Board of Education of Union Free School District No. 18 is directed to admit her upon service on them of a copy of the judgment entered hereon and which has been signed simultaneously with this memorandum.