Walter W. Dunbar, J.
The defendant was arrested on July 11, 1970 for being an unlicensed operator in violation of section 501 (suhd. 4, par. a) of the Vehicle and Traffic Law. There is now a motion by defendant to dismiss the information and discharge the defendant. Defendant’s motion was made after a set of facts were stipulated to by both parties.
The set of facts as set forth are as follows. A State trooper stopped the defendant during a routine check and asked for his license and his registration. The defendant produced a Penn *446 sylvania driver’s license that was valid and in so doing an identification card from Corning Glass Works bearing the defendant’s name, picture and an address of 231 Hillview Ave., Corning, New York was observed by the trooper. Upon questioning the defendant it was learned that he had been working for Corning Glass for several months and that he resides at the address shown on his identification card. The trooper then issued a summons for lack of a New York State driver’s license.
The People do not contest the following facts forwarded by the defendant. The defendant is an employee of Corning Glass Works and has an address of 231 Hillview Ave., Corning where he has a phone and where he receives mail addressed to 231 Hillview Ave. He is 23 years old, unmarried, and has no dependents. He began work at Corning Glass on June 26, 1967 and left December 31, 1968 on an educational leave of absence. He attended Penn State University and received an associate degree in engineering. He returned to work at Corning Glass on August 13, 1969 and is currently employed thereat. He will be eligible to leave anytime after August 13, 1970 to pursue his education without loss of his position at Corning Glass. The defendant’s parents reside in Scranton, Pennsylvania and defendant claims that he commutes every weekend to reside with them in Scranton. Defendant further states that he is registered and votes in Scranton, receives his income forms from the Federal Government in .Scranton, and pays a 1 ‘ right to work tax ” in Scranton. Penn State University considers him a Pennsylvania resident and for that reason his tuition is reduced by 50%.
Subdivision 2 of section 250 of the Vehicle and Traffic Law readsA nonresident * * * who shall become a resident [emphasis added] of this state may operate a motor vehicle * * * not exceeding sixty days from the date he becomes a resident pending the obtaining of a license to operate such motor vehicle * * * in this state. ”
The test of the section, then, is did the defendant become a “ resident ” of New York State and has he been for more than 60 days.
This court finds that he is a resident and has been since August 13, 1969 at 231 Hillview Ave., Corning, New York.
A person may have two different residences in two different States. Residence simply requires bodily presence as an inhabitant in a given place. (Burk v. Sackville-Pickard, 29 A D 2d 515.)
This court finds that he is further a resident of Scranton, Pennsylvania. As a resident of Pennsylvania he is required to *447 have a Pennsylvania driver’s license when operating a motor vehicle in that State.
It might then appear that the defendant is therefore required to have both a Pennsylvania license and a New York license. It is not illegal to hold an unexpired license issued by another State as well as an unexpired New York driver’s license. (Snyder v. State of New York, 20 A D 2d 827.)
However, this court finds guidance in the instant case through an informal opinion of the Attorney-General (Feb. 8, 1956) wherein he states, 11 Absent any question as to reciprocity, the terms non-resident and resident, as used in section 51 of the Vehicle and Traffic Law, are to be construed in the sense of one having a domicil or fixed, permanent abode.” He referred to subdivision 1 of former section 51 of the Vehicle and Traffic Law, now section 250. Considering this opinion as controlling, we now come to the determination of 1 ‘ domicil ’ ’.
Domicil is the place where a person has his true fixed permanent home and principal establishment, and to which place he has, whenever he is absent, the intention of returning, and from which he has no present intention of moving. (25 Am. Jur. 2d, Domicil, § 1.) He who stops even for a long time in a place for the management of his affairs, has a simple habitation there, but has no domicil. (Matter of Thompson, 1 Wend. 43.) Registering and voting in a particular place is an indication of intention to maintain a domicil in that place. (Matter of Limburg v. Snyder, 253 App. Div. 844, affd. 277 N. Y. 725.) Abandonment of an established domicil is a prerequisite to the acquisition of a new one. (Matter of Gelarie, 75 N. Y. S. 2d 594.) A person is not obligated to reside at his domicil, but may establish a residence in another place so long as such removal is not accompanied by an intent to make the new place his home. (Gould v. Gould, 235 N. Y. 14.)
In light of these and many similar ease decisions it appears that to establish a legal residence in a State it requires one’s physical presence in a State plus an intention on that person’s part to make that State his permanent home or for a considerable period of time.
The term “ resident ” as used in section 250 of the Vehicle and Traffic Law will be construed to mean “ legal resident” therefore in deciding the motion before the court.
Weighing the Attorney-General’s opinion, the cases herein cited, and considering the facts as stipulated, this court finds that the legal residence of the defendant is Scranton, Pennsylvania. Scranton is where he is registered and does vote, pays a “ right to work tax”, and retires to after a week of *448 working in New York State. The defendant owns no property in New York State, has no children in school in New York ¡State, and does not vote, nor has he changed his registration in order to vote in New York State. All of these factors indicate the intention of the defendant to remain domiciled in Pennsylvania while working in New York State.
The posture of the defendant thereby exempts him from having to purchase a New York State driver’s license.
The motion to dismiss the information is granted.