Bertram Harnett, J.
This is an action brought under the New York Simplified Procedure for Court Determination of Disputes for a declaratory judgment as to the rights of the parties under a separation agreement. (CPLB 3031.)
The plaintiff is the former wife of the defendant, the parties having been divorced on August 21,1967. She has not remarried. Before the divorce, the parties entered into a separation agreement, and this agreement was incorporated in, but not merged in, their divorce decree. Under the agreement, the husband is to make support payments to the wife, for herself and the three children of their marriage, of $693.33 per month. The clause of the contract material to this litigation provides that in the event any child “ shall die, marry, reach the age of twenty-one (21) years, become self-supporting, or cease for any reason to *332 have his permanent residence with the Wife ”, the amount of support shall be reduced by $125 per month.
Through July 1970, the husband continued his monthly payments of $693.33. On July 21, 1970, the oldest child, Stuart, age 18% at the time, entered a full-time course of study at the United States Merchant Marine Academy at Kings Point, New York. As detailed by the parties in the submission of the controversy, Stuart now resides at the academy full time. The major cost of attendance there is borne by the Government, which provides meals, quarters and medical and dental care. In addition, midshipmen receive a government allowance earned on a daily basis while in attendance which, by law, may be expended only for uniforms and textbooks. Although the initial expenditures for these items are in excess of the government allowance, the total allowance during the entire course of study is equal to the amount required for the expenses, including laundry, haircuts, cleaning and student activities fees. The defendant has advanced an initial $900 necessary for deposit into Stuart’s account to cover the early expenses.
The parties have agreed that the usual expenses of the last two years at the academy ‘ ‘ probably can be provided for from the required deposit * * * plus the Government allowance * * * This will depend, of course, on the frugality of the Midshipman ”.
Since August 1, 1970, the defendant has refused to pay $125 of the sum agreed upon as alimony and support. He contends that he is relieved of that obligation because Stuart is now self-supporting and no longer has a permanent residence with the plaintiff.
Ordinarily, the provisions of a separation agreement alone cannot finally delineate the scope of a parent’s obligation to support his child, since that obligation is statutory (Domestic Relations Law, § 34, subd. 1 ; Family Ct. Act, § 413 ; Social Services Law, § 101) and the child is not a party to the agreement. (Riemer v. Riemer, 31 A D 2d 482, mot. den. 25 N Y 2d 684 ; Kulok v. Kulok, 20 A D 2d 568.) Here, however, the agreement has been incorporated into the decree of divorce, and until modified, those provisions delimit the father’s responsibility. (Horne v. Horne, 22 N Y 2d 219.)
It is apparent that the parties did not contemplate this precise situation when the separation agreement was drawn in 1967. If they had, they would no doubt have included a specific definition of “ self-supporting ” or “ permanent residence”. (See Kuniholm v. Kuniholm, 11 N Y 2d 358.) However, since this is not the case here, the court must give to the words their usual *333 and customary meaning, and determine the applicability to the agreed facts. (Wenig v. Glens Falls Ind. Co., 294 N. Y. 195. See, also, Matter of Schmith, 19 N Y 2d 398.)
It is clear that the term “ permanent residence ” intends more than a mere stopping place, and the court therefore construes the phrase to fall within the legal term “ domicile ”. (People v. Renda, 64 Misc 2d 445 ; see, also, Burk v. Sackville-Pickard, 29 A D 2d 515 ; Rich Prods. Corp. v. Diamond, 51 Misc 2d 675.) The determination of a child’s domicile has been said to be a mixed question of law and fact, and there is a presumption that it is with the parent having custody. (Matter of Stillman v. School Dist. & Bd. of Educ. of Rockville Centre, 60 Misc 2d 819.) The burden of proof of showing a change in domicile clearly rests upon the party who asserts the change. (Rich Prods. Corp. v. Diamond, supra ; Goldenthal v. Terry, 44 Misc 2d 851.)
Prior to August, 1970, Stuart undoubtedly had his domicile with his mother. The father contends that residence at the academy constitutes a change in that circumstance. The mother answers that the situation remains unchanged, and that residence at school cannot result in a change of domicile, citing Matter of Watermeyer v. Mitchell (275 N. Y. 73) and Matter of Blankford (241 N. Y. 180). Neither of those cases is in point, since each deals with voting rights of a student and there is a clear mandate in the New York State Constitution that “ For the purpose of voting, no person shall be deemed to have gained or lost a residence * * * while a student of any seminary of learning ”. (N. Y. Const., art. II, § 4 ; emphasis supplied.) No such authority exists for purposes other than voting.
Nevertheless, under the circumstances here, the court finds there has been no change in domicile. Obviously, Stuart does not intend to make his “ permanent residence ” at the academy, and his mother’s home, where he returns during leave, is still the place where he intends eventually to return and remain. (Craig v. Craig, 24 A D 2d 588 ; Catalanotto v. Palazzolo, 46 Misc 2d 381.)
As to Stuart’s alleged self-supporting status, the court is persuaded that enrollment at the Merchant Marine Academy is the equivalent of enlistment in the Armed Forces. Persons in the military service of their country also receive room and board and medical care, and receive a pay allowance. They must, as must Stuart, bear their own expenses for incidentals and luxuries, and their own living expenses while on leave. The question has been aptly stated by the Appellate Division, Second Department, that: ‘ ‘ enlistment * * * did not operate as his emancipation so as to suspend the husband’s obligation to *334 make payments as provided by the agreement * * * [citing cases]. Entrance of the boy into the military service did not break his ties with his family. * * * His mother was required to provide food and shelter when the boy was on leave. Any moneys received from the defendant on account of the boy’s support, which are not actually expended by the plaintiff for that purpose, do not constitute a windfall to her. Such moneys constitute a trust fund which she must hold for the benefit of the boy [citing cases] ”. (Craig v. Craig, supra, p. 589.)
Accordingly, the court will grant judgment to the plaintiff for all arrears due at the rate of $125 per month from August 1,1970 to the date of trial. The defendant will be credited with the $900 advanced as a deposit to Stuart’s account, as well as any future payments to that account, since those funds are solely for the support of Stuart and it would be the obligation of the plaintiff to pay those sums from Stuart’s share of the monthly support payments. The court will also award counsel fees to the wife, in an amount to be determined upon submission of an affidavit of legal services on notice to the attorney for the defendant. (Domestic Relations Law, § 238. Fabrikant v. Fabrikant, 19 N Y 2d 154.)