CROSS, Judge
(dissenting):
I respectfully dissent.
While I am in agreement with the majority opinion that a clear distinction exists between domicile and “resides,” I cannot agree that “resides” is satisfied by merely bodily presence. See Sherman v. Collin, 117 F.Supp. 496 (D.Me.1953); Rich Products Corp. v. Diamond, 51 Misc.2d 675, 273 N.Y.S.2d 687 (1966). To reside at a place, a freely-exercised intention to live there must be coupled with actual presence. See generally Uebersee Finanz-Korporation, A. G. v. Brownell, 133 F.Supp. 615 (D.D.C. 1955); American Surety Co. v. Cosgrove, 40 Misc. 262, 81 N.Y.S. 945 (1903).
In the case sub judice, the husband was taken to Orange County and placed in a nursing care institution for the sole purpose of receiving medical treatment and care which he required due to his incompetency. The husband has no choice but to remain in Orange County at the nursing care institution and he could not leave that *65 institution if he so desired. It is also clear that the husband is incapable of forming a freely-exercised intent to live in Orange County in view not only of his incompetency but also of the fact that he is compelled to remain at the institution. Under these circumstances, I do not believe that the husband "resides” in Orange County for venue purposes.
I would affirm the order transferring the case to Lake County, the place of defendant’s residence.