James F. Niehoff, J.
This is a proceeding brought pursuant to CPLR article 78 to compel the respondents to provide transportation for the petitioner’s son Frederick, to a private school located outside of Union Free School District No. 9.
It appears that petitioner’s son, who is 16 years of age, suffers from learning difficulties which call for him to receive remedial assistance. Since the 1971-1972 school year he has attended the Oakdale School at 94 Fulton Avenue, Hemp-stead. During the years 1971-1972, 1972-1973, and 1974-1975, the boy, through the application of his parents, received out-of-district transportation. The respondents have refused to furnish said transportation for the school year 1975-1976 *1079 upon the sole ground that the petitioner failed to comply with the statutory requirement that the application for such transportation be made not later than April 1, 1975. The statute in question (Education Law, § 3635, subd 2) reads, in pertinent part, as follows: "A parent or guardian of a child residing in any school district, or any representative authorized by such parent or guardian, who desires for a child during the next school year any transportation authorized or directed by this chapter shall submit a written request therefor to the school trustees or board of education of such district not later than the first day of April preceding the next school year”.
It appears that in January of 1975 the respondents mailed a printed notice informing parents that out-of-district transportation was available and advising them that if they wished said service for their children during the 1975-1976 school year, they should fill out the enclosed application form and mail it to the transportation office at the Freeport Public Schools. Petitioner, who is an attorney, claims that he received the afore-mentioned notice and application form and that on February 3, 1975 he completed the application form and mailed it back to the school district in accordance with the instructions he had received. Petitioner further claims that after having heard nothing with respect to the request, he communicated with the respondents and was informed by them that they had not received the application. He further claims that he was advised at that time to mail in a photocopy of the application which he did. Thereafter, by letter dated September 8, 1975, petitioner was notified that the school board had refused the request for out-of-district transportation services for his child because the request form had not been received by April 1.
This article 78 proceeding was then instituted by order to show cause dated September 9, 1975 which was made returnable on September 11, 1975.
After being served with the order to show cause and petition, respondents made a motion "for judgment, dismissing the petition on the ground that petitioner had not exhausted his administrative remedy afforded under Education Law § 3635, subd. 2, an appeal to the Commissioner of Education, as provided in Education Law § 310”. By short-form order dated September 22, 1975 Mr. Justice Albert A. Oppido denied that motion stating: "'The party seeking relief may apply to the Courts since the remedy under Section 310 of the *1080 Education Law is not exclusive (Matter of Leeds v Board of Educ., 19 Misc 2d 860, aff'd 9 AD2d 905).’ (Mtr. of Stillman v School District, 60 Misc 2d 819, 821, aiFd 34 AD2d 553).”
Subsequently, respondents sought leave to appeal to the Appellate Division, Second Department, from said intermediate order and to stay the operation and effect of the said order pending determination of the appeal therefrom. Said application was denied. Inasmuch as Mr. Justice Oppido's decision constitutes the law of this case this court rejects the respondents’ renewal of their application for a dismissal of the petition for lack of subject matter jurisdiction and will proceed to determine the merits of the case. (See, generally, 1 Carmody-Wait 2d, NY Practice, § 2:64.)
A second order granted September 22, 1975 by Mr. Justice Oppido directed the respondents to provide "Out of District Transportation for the Petitioner’s son, FREDERICK SHAPIRO, from Freeport to the Oakdale School, Hempstead, N. Y. commencing on the 22nd day of September, 1975 and continuing until the final determination of the proceeding.”
THE MERITS OF THE PROCEEDING
Respondents contend that the petitioner’s evidence (given at the hearing conducted in Special Term, Part III, on Oct. 22, 1975) respecting compliance with subdivision 2 of section 3635 was not credible. The court disagrees.
After weighing the testimony given at said hearing the court concludes that petitioner’s testimony respecting his compliance with section 3635 of the Education Law is credible and worthy of belief. Accordingly, the court finds that the application for out-of-district transportation was prepared and signed in petitioner’s law office; that on February 3, 1975 petitioner made a photocopy of the application and enclosed the completed application in an envelope addressed to the respondent school district; that petitioner deposited the envelope at the outgoing mail annex of the Freeport Post Office; and, that petitioner did in fact submit a written request for bus transportation prior to April 1, 1975.
In addition to arguing that petitioner’s testimony as to his compliance with the statute was not credible respondents assert that petitioner must do more than just prove submission of the written request in order to invoke the provisions of subdivision 2 of section 3635. Respondents’ claim is to the *1081 effect that petitioner has the additional burden of showing that the school board actually received the written request for out-of-district transportation because subdivision 2 of section 3635 provides for appeal only if the board of education fails to provide the transportation facilities after receiving such a request. If respondents’ contention is correct, the instant petition must be dismissed inasmuch as petitioner has failed to prove receipt by the respondents of his application for out-of-district transportation.
The Commissioner of Education has been given the authority to determine disputes involving the Education Law and his determinations with respect thereto are entitled to great weight (Matter of Mugavin v Nyquist, 48 AD2d 727; Matter of Nyboe v Allen, 7 AD2d 822). On more than one occasion the commissioner has held that proof of submission of a written transportation request is effective under subdivision 2 of section 3635 notwithstanding the claim of the school district that it never actually received the application.
Thus, in Matter of Kahane (9 Ed Dept Rep 68) then Acting Commissioner Ewald B. Nyquist after noting that "The only issue raised by the parties is whether or not a written request for the transportation was submitted * * * as required by Education Law § 3635(2)”, stated "Education Law § 3635(2) requires that written notice be given but does not specify the manner in which this should be done. In the absence of a specific statutory provision, I am disposed to apply the well-settled rule with respect to service of legal process by mail, to the effect that mailing is effective service even though the papers are never actually received.” It is true that in Kahane transportation was denied but such denial was based upon the fact that the appellant had failed to adduce proof sufficient to show that the written request papers were properly addressed, stamped and mailed. Here, the petitioner’s proof is sufficient.
In Matter of Pinto (13 Ed Dept Rep 151), it was alleged that a written transportation request was delivered to the school district office on or about March 19, 1973 by giving it to a "dark-haired woman” in the office. After declaring that the school district’s general denial was ineffectual, Commissioner Nyquist upheld the petitioner’s claim for transportation stating (p 152): "I must accept petitioner’s allegation that a timely transportation request was delivered to the respondent, in accordance with Education Law § 3635 (Matter of Gimpelson, 4 Ed Dept Rep 29 (1964). It follows that petitioner is entitled *1082 to the requested transportation.” It can hardly be said that the commissioner’s conclusion, to wit, that mailing is effective service under subdivision 2 of section 3635 of the Education Law even though the papers are never actually received, is an unreasonable interpretation of the provisions of said statute. That being so, it is the opinion of this court that petitioner is entitled to relief sought by his petition herein.
Accordingly, judgment is granted in favor of petitioner directing the respondent to provide Frederick Shapiro with out-of-district transportation to the Oakdale School, 94 Fulton Avenue, Hempstead, New York.