Lawrence Newmark, J.
Defendant moves to dismiss the complaint for lack of personal jurisdiction.
This action for the balance of an account for goods sold and delivered and/or services was commenced on June 29, 1971 by service of the summons and complaint pursuant to CPLR 308 (subd 2). The affidavit of service alleges that service was made by delivering to and leaving with Barbara Quinlivan at 88 Hawthorne Road, San Remo, New York, a copy of the verified summons and complaint and mailing a copy of the same to 88 Hawthorne Road, San Remo, New York, the defendant’s last known address. At the time service was made Barbara Quinlivan was the defendant’s ex-wife. The defendant and Barbara Quinlivan were previously divorced pursuant to a divorce decree, dated January 15, 1969. At the time service was made the defendant was a member of the armed forces and was stationed in Korea.
Defendant moves to dismiss the complaint on the ground that the court lacks personal jurisdiction. Defendant contends that the service was improper because at the time service was made, 88 Hawthorne Road, San Remo, New York, was not his usual place of abode or dwelling place.
In opposition the plaintiff argues that the defendant was the legal owner of 88 Hawthorne Road, San Remo, New York, and that 88 Hawthorne Road, San Remo, New York, was the marital domicile of the defendant and his ex-wife. Plaintiff states that even though the defendant was in the armed forces, 88 Hawthorne Road, San Remo, New York, was the defendant’s residence and domicile. Furthermore, the plaintiff contends that the court had jurisdiction of the defendant under the provisions of subdivision (a) of section 404 of the Uniform District Court Act because the defendant owned the real property at 88 Hawthorne Road, San Remo, New York, which is located within a district of the court.
CPLR 308 (subd 2) authorizes service to be made upon a natural person "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence”. At the outset it should be noted that it is the "dwelling place” or "usual place of abode” which determines where the summons and complaint may be served and not the defendant’s domicile or residence.
*1033 The key determination to be made in this case is whether 88 Hawthorne Road, San Remo, New York, was the defendant’s actual "dwelling place” or "usual place of abode” at the time the service was made. This is a question of fact which must be resolved upon the factual pattern of the case. (1 Weinstein-Korn-Miller, NY Civ Prac, par 308.13.) Complicating this determination is the paucity of case law on this subject. (Karlin v Avis, 326 F Supp 1325.)
It has been held that a "dwelling place” or "usual place of abode”, in connection with the service of process means the actual dwelling place or usual place of abode of the defendant at the time of service. (Viking Jr. Band v Haakon Fretheim, Inc., 46 Misc 2d 1042.) "Usual place of abode” has been defined as the place that a person usually (not necessarily continuously) abides, sojourns or temporarily stays as a temporary resident or stranger. (Rich Prods. Corp. v Diamond, 51 Misc 2d 675.) "Usual place of abode” connotes permanency, i.e., the place, aside from temporary absences, where the party actually lives. (1 Weinstein-Korn-Miller, NY Civ Prac, par 308.13.) "Dwelling house” has been defined as the house in which , a person dwells, lives or abides. (Rich Prods. Corp. v Diamond, supra.) It is apparent that "dwelling place” connotes a place (not necessarily a house) in which a person dwells, lives or abides.
The court’s research discloses no New York decisions which have considered the effect of a person’s marital difficulties involving either separation or divorce on the question of whether a particular place is a person’s place of abode or dwelling. However, several courts have considered this question in other jurisdictions. These cases are annotated at 32 ALR3d 112.
In Williams v Capitol Tr. Co. (215 F2d 487), the court held the wife’s residence was not the "usual place of abode” of the separated husband and held that service was not effective where the defendant had separated from his wife, had moved elsewhere and subsequently obtained a divorce. In the Williams case, the defendant, after separating from his wife, never again saw his wife or resided at his former residence, but moved to another city and remarried.
In American Bankers Ins. Co. of Fla. v Leist (117 Ohio App 20) the court held that service left at the defendant’s former home was not left at defendant’s usual place of residence in compliance with a statute providing for substituted service of *1034 process where the defendant husband had separated from his wife, and by a court order in divorce proceeding had left his home, changed his residence, and never returned, the wife having been awarded the trailer which had been the family residence.
In McFarlane v Cornelius (43 Ore 513, mot den 43 Ore 529), the court held that a husband who had separated from his wife and had moved out of the area did not have a dwelling house or usual place of abode at the family home.
The American Law Reports annotation also sets forth the facts of several cases in which the separation or divorce of the defendant and the absence or departure from the place of service accompanying such separation or divorce, have been held not to have destroyed such place as the person’s usual place of abode. In each of these cases it appears that the courts found that the parties had not intended that the separation be permanent. For example, in Husband v Crockett (195 Ark 1031), there was subsequent correspondence between the parties, there was no divorce contemplated and the husband continued to look after the wife’s interests; and in Galvin v Dailey (109 Iowa 332), the wife subsequently returned after several months to live with her spouse.
Examining the facts in the present case in light of these decisions and in light of the definitions of “dwelling place” and “usual place of abode” one can only conclude that the defendant did not reside, sojourn or abide at his former residence at the time service was made, and that his former residence was not his actual "dwelling place” or "usual place of abode” at that time. The undisputed facts presented in the affidavits established that at the time of service the defendant was stationed in Korea; that the parties had been separated and divorced for over two years prior to the date of service; that the defendant had not returned to his former residence; that the husband was required to own the property at 88 Hawthorne Road, San Remo, New York, pursuant to the separation agreement until the wife remarried or the children reached the age of 21; and that the defendant subsequently remarried and established a residence elsewhere. It is evident that when the defendant left his former residence that he intended it to be permanent.
The crucial underlying question for the court in this case is whether the purpose of the statute — to give fair notice — was satisfied by the service in issue. Upon the facts presented the *1035 court cannot find that the purpose of the statute was accomplished. For this reason the court must grant the defendant’s application to dismiss the complaint.
Furthermore, plaintiffs argument that the court had jurisdiction of the defendant under the provision of section 404 (subd [a], par 3) of the Uniform District Court Act is without merit. Section 404 (subd [a], par 3) of the Uniform District Court Act only authorizes service of a nonresident as to a cause of action which arises from the ownership, possession or use of real property within a district of the court. The cause of action alleged in the complaint clearly did not arise from the use, ownership or possession of real property.
The defendant’s motion to dismiss the complaint is granted. In view of the foregoing the judgment heretofore entered is, on this court’s motion, dismissed.