OPINION OF THE COURT
David B. Saxe, J.
Is service of process under CPLR 308 (subd 4) complied with by service at the former dwelling place of the defendant which is now the dwelling place of his ex-wife where the defendant has maintained a telephone listing in his name at that address? That is the first issue for discussion in this matter.
The essential facts appear to be as follows: In June of 1974, the plaintiff, an aspiring pharmacologist was terminated as a researcher in defendant Dr. Musacchio’s laboratory at N.Y.U. Apparently, Dr. Musacchio felt that some unusual occurrences in the laboratory, including the disruption of and tampering with certain experiments, were attributable to Dr. Gintzler, who was fired as a result. According to Dr. Musacchio, he had never seen the plaintiff tampering with the experiments but believed that no one else was a logical suspect since the incidents ceased after the plaintiff left.
Then, on November 29, 1982, Dr. Musacchio received a telephone call from a faculty member of Downstate Medical Center *492 (Downstate) in Brooklyn. Dr. Musacchio was informed that the tenure application of the plaintiff was being considered by Downstate. He then told the caller, among other things, about the mysterious occurrences in his laboratory back in 1974 and associated the plaintiff with these events. Dr. Gintzler, the plaintiff, claims that he was denied tenure and started a defamation lawsuit naming Dr. Musacchio as one of the defendants.
First, Dr. Musacchio moves to dismiss the complaint on the grounds that in personam jurisdiction was not obtained over him (CPLR 3211, subd [a], par 8). Dr. Musacchio claims that on February 29, 1984, while at work, he received a telephone call from his former wife (they had been divorced in October, 1981) who told him that she had found papers that day in front of her apartment door at 100 Bleecker Street in New York City. She turned the papers over to him and he claims that they are the only copies of the summons and complaint which he ever received.
CPLR 308 (subd 4) permits substitute service upon an individual when delivery to the person to be served or to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode “cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode * * * and by mailing the summons to such person at his last known residence”.
The defendant, on this application, contends that the plaintiff has not satisfied his burden under this statute.
First, was “due diligence” exercised by the process server? Prior to the actual claimed service, the affidavit of service indicates two prior attempts: at 6:10 a.m. on February 20 (a Monday) and 7:30 p.m. on February 22 (a Wednesday). It has been said that “[a]s to what constitutes ‘due diligence’, it is a sui generis test” (Siegel, NY Prac, § 74).
“The courts do not like to count service attempts, but a single visit to the premises, when no one is at home, will probably not suffice” (ibid). Here, there is a demonstration that service attempts were made once early on a weekday morning when it would be expected that the occupants of the premises had not left for work and, during the early evening hours of a weekday when the occupants would likely be having dinner. I find that the service attempts here constituted “due diligence”.
The next branch of Dr. Musacchio’s objection to service is more nettlesome. He claims that the process server failed, as required by CPLR 308 (subd 4) to affix the summons to the door *493 of either his actual place of dwelling or his actual place of business. It is undisputed that Dr. Gintzler “nailed” the summons to the door of Dr. Musacchio’s former residence, now occupied by his former wife.
It is undisputed that á person’s “dwelling house” is the place where he “dwells, lives, or abides”. (Rich Prods. Corp. v Diamond, 51 Misc 2d 675, 678.) It is also undisputed that, at the time of the purported service, Dr. Musacchio did not live at 100 Bleecker Street, apartment 11 A, the place where the papers were left.
It is well settled that pursuant to CPLR 308 (subd 4) substituted service must be made by “nailing” at the defendant’s actual dwelling place or place of employment (Feinstein v Bergner, 48 NY2d 234); this is required in addition to the mailing of the process to the defendant at his last known'address.
The cases have uniformly held that where substituted service has been attempted on premises not occupied by the defendant, the service is insufficient (Burkhardt v Cuccuzza, 81 AD2d 821). In Burkhardt, the plaintiff had process served at the home of the defendant’s former girlfriend. The Appellate Division, Second Department, held that since the statute requires service at the actual dwelling place or usual place of abode at the time of service, that since the defendant did not live with the woman at the time of the attempted service, it was insufficient to confer personal jurisdiction. Nor was an attempt at substituted service successful when the “nailing” was made at the address of the defendant’s former wife (Community State Bank v Haakonson, 94 AD2d 838). In Smithtown Gen. Hosp. v Quinlivan (88 Misc 2d 1031), the court dismissed a suit where service was made at the defendant’s former residence, in which his divorced wife resided. The court held that this was not his actual “dwelling place” or “usual place of abode” within the meaning of the statute despite the fact that he was required to own the property in question pursuant to a separation agreement.
However in Cohen v Arista Truck Renting Corp. (70 Misc 2d 729), the court, in an action for personal injuries arising out of an automobile accident, held that the defendant was estopped from asserting that the service of process pursuant to CPLR 308 (subd 4) was defective in that service was not made at the correct address, since the defendant gave an incorrect address to the plaintiffs at the time of the accident and failed to notify the Commissioner of Motor Vehicles of his change of address as required. As the court succinctly noted: “Defendant Amore may *494 not benefit from his own misrepresentation and fraud.” (Supra, at p 731.)
In this case, the defendant was listed in the 1983-1984 Manhattan residential directory as follows: “Musacchio Jose 100 Bleckr * * * 475-7375”. Consequently, defendant Musacchio held himself out to the public as living at that address and maintaining a telephone in his name at that address. Apparently, there is no listing in that directory for Dr. Musacchio’s ex-wife, who apparently lives there. Nor is there proof that plaintiff knew or had reason to know that this was not the defendant’s actual dwelling place.
It is reasonable to conclude that Dr. Musacchio held himself out publicly as still residing at the 100 Bleecker Street apartment. As such, he is estopped (Cohen v Arista Truck Renting Corp., supra) to deny that such address is his actual dwelling place or usual place of abode for the purposes of CPLR 308 (subd 4). Service of process then, at that location, based upon a public telephone directory listing was both reasonable and in conformity with the applicable service section.
Finally, Dr. Musacchio claims that the process server did not mail the summons to his last known residence. His ex-wife has submitted an affidavit that a copy was never received by mail at the 100 Bleecker Street address and Dr. Musacchio claims that he never received a mailed copy. The plaintiff submits an affidavit of service by the process server attesting to the mailing. Since mailing to the defendant’s last known residence is an indispensable requirement under CPLR 308 (subd 4), a hearing must be held as to this disputed fact. This issue is respectfully referred to Trial Term, Part 10, for assignment, to hear and report within 10 days after notice of this decision appears in the Law Journal, counsel shall file a copy of this order upon the office of the special referee, Supreme Court, New York County, room 308-M, for the purpose of obtaining a hearing date.
The remainder of the defendant’s motion is held in abeyance pending resolution on the issue of service.