■ LONGIN POLANSKY et al., Respondents, v. LEROY PAUGH, Appellant.— Order, entered on October 21, 1964, striking out the complete defense of the defendant and Motor Vehicle Accident Indemnification Corporation, unanimously reversed, on the law, with $30 costs and disbursements to appellant, and the motion to strike the same is denied. Where personal service with due diligence cannot be made as provided by CPLR 308 (subd. 1), service can be made under subdivision 3 "by mailing the summons to the person to be served at his last known residence and either affixing the summons to the door of his place of business, dwelling house or usual place of abode within the state". There has been no compliance with the statute since the affidavit of substituted service shows that defendant was not available because he had left the address, 116 Henry Street, Binghamton, New York, "some time ago." Where it appears prior to the attempted substituted service the defendant does not reside at the stated address, due process is not satisfied because there is no reasonable probability of notice to the defendant of the pending action. (*Bauman* v. *Fisher*, 12 A D 2d 32, 36.) Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ SUSAN W. PALMER, Appellant, v. RALPH M. PALMER, Respondent.— Resettled order, entered on September 16, 1964, denying plaintiff's motion to enter a money judgment in her favor against defendant in the sum of $9,985 for unpaid alimony arrears and for other relief, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of directing the entry of said judgment, and as so modified, affirmed, with $30 costs and disbursements to appellant. The record indicates that defendant has been contumaciously flouting the decree herein. He has indulged himself in travel and made a gift of securities while permitting alimony arrears to accumulate. It is undisputed that this aged plaintiff is suffering from diabetes and cataracts. The record fails to justify the denial of the entry of judgment and such denial in our opinion was an unwise exercise of discretion. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.