■ SONYA FINGER, Complainant-Respondent, v NASSAU COUNTY, Petitioner-Respondent, and NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Respondent-Respondent, et al., Respondents. FLORENCE FOX, Complainant-Respondent, v NASSAU COUNTY, Petitioner-Respondent, and NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Respondent-Respondent, et al., Respondents. SEENA ROSEN, Complainant-Respondent, v NASSAU COUNTY, Petitioner-Respondent, and NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Respondent-Respondent, et al., Respondents. — Three proceedings pursuant to section 298 of the Executive Law, commenced by petitioner Nassau County, to review three orders (one in each proceeding) of the State Human Rights Appeal Board, all dated April 20, 1981, which dismissed as premature the county's appeals from so much of three determinations of the State Division of Human Rights as found no probable cause as to corespondent New York State Department of Civil Service. Petitions granted, orders of the appeal board reversed, on the law, without costs or disbursements, and the matters are remitted to the appeal board for determinations on the merits. The appeal board seemingly misconstrued petitioner's appeals from the division's determinations. The division rendered decisions finding no probable cause as to corespondent New York State Department of Civil Service and probable cause as to petitioner. Petitioner, by its notices of appeal, appealed from so much of the determinations as found no probable cause as to the New York State Department of Civil Service. As such, the orders are appealable (see 9 NYCRR 550.3 [i] [3], [5]). Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.

■ LESTER FREEDMAN, Respondent, v DONNA WYATT et al., Appellants. — In an action to recover for medical services rendered, defendants appeal from an order of the Supreme Court, Rockland County (Skahen, J.), dated July 16, 1981, which denied their motion to dismiss the action under CPLR 3211 (subd [a], pars 5, 8) or, in the alternative, to strike the note of issue and statement of readiness. Appeal held in abeyance and matter remitted to Special Term to hear and report in accordance herewith. Special Term shall file its report with all convenient speed. On the present record, it is unclear whether at the time the summons was affixed to the door of the residence of Donna Wyatt's parents, she was actually a resident there. In order to effect proper service under CPLR 308 (subd 4), the summons must be affixed to the door of the actual residence of the defendant (*Feinstein v Bergner,* 48 NY2d 234). Accordingly, a hearing is required on that issue. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.