■ COMMUNITY STATE BANK, Respondent, v PAUL HAAKONSON, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Levine, J.), entered May 11, 1982 in Saratoga County, which vacated a default judgment against defendants Paul Haakonson upon certain conditions. When, in September, 1972, defendant and his former wife, who is not a party to this appeal, obtained a loan from plaintiff represented by a promissory note, they were living together in Mechanicville, New York. Later that year defendant and his wife parted; he thereafter resided exclusively in an apartment located over his former place of business at 156 Jay Street in Schenectady, New York. In January, 1973, defendant defaulted on the note. The following June he was served pursuant to the "nail and mail" provisions of CPLR 308 (subd 4) at the Mechanicville address he had listed on the promissory note. After defendant

---

and his former wife separated he had no further communications with her and she remained at the Mechanicville residence only until late 1973. Plaintiff obtained its default judgment on August 27, 1973. In an attempt to collect on its judgment plaintiff, proceeding pursuant to CPLR 5227, secured an order requiring the Lutheran Brotherhood, a former employer of defendant, to turn over to plaintiff residual royalties due defendant as an insurance agent. During the period from March, 1974 through August, 1975, $667.17 was amassed. Although defendant had not worked for this employer since 1970, he had periodically received royalties from the organization. Defendant swears he first became aware of the judgment's existence in August, 1981, when he was served with an information subpoena. By order to show cause dated September 23, 1981, he moved to vacate the default claiming that personal jurisdiction over him was lacking because of improper service of process. Special Term granted the motion upon condition defendant file an answer within 20 days and waive any defense based upon the Statute of Limitations; the judgment was allowed to stand as security pending final disposition of the action on the merits. In his moving affidavits, defendant avers that he had departed the Mechanicville residence, and never returned, following separation from his wife some six months prior to the service of process. Relying on *Feinstein v Bergner* (48 NY2d 234), Special Term concluded, and we agree, that service was ineffective because the place where "nail and mail" service occurred was not defendant's "usual place of abode". Personal jurisdiction not having been acquired, the subsequently granted default judgment was a nullity and Special Term's attempt to exercise discretion pursuant to CPLR 5015 was ineffectual, for it was without authority to take any action other than to dismiss the complaint (*Mayers v Cadman Towers*, 89 AD2d 844; *McMullen v Arnone,* 79 AD2d 496, 499; see Siegel, 1980 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5015 [1982-1983 Supp], p 360). Since they have no foundation in the papers, plaintiff's various objections to outright dismissal count for little. As Special Term observed, there are no allegations that defendant affirmatively acted to avoid service of process; thus, the estoppel argument leveled at defendant is unavailing. Nor was defendant under any statutory duty to keep plaintiff apprised of his whereabouts (see *Feinstein v Bergner, supra,* p 241). And notwithstanding plaintiff's assertion to the contrary, there is no reason to remand for a factual hearing on the propriety of the service. Given *Feinstein v Bergner* (*supra*), the only possible way of validating the service here would be to prove that the Mechanicville address was defendant's "usual place of abode". However, the affidavit in opposition to defendant's motion does not confront that issue, leaving defendant's averment that he had moved to Schenectady prior to the service uncontradicted. Because no disputed issue of fact is presented, a further hearing would be useless. Finally, we reject the thesis that garnishment of defendant's royalties somehow led to the establishment of personal jurisdiction over him. Even if defendant was aware of the garnishment, a fact he unequivocally denies by maintaining that when he ceased to receive the residuals some four or five years after termination of his employment he assumed his contract rights with the employer had expired, actual notice of the default judgment would not excuse the failure to obtain personal jurisdiction over defendant in the statutorily prescribed manner (*Feinstein v Bergner, supra,* p 241). Order reversed, on the law, without costs, and complaint dismissed. Sweeney, J. P., Main, Casey and Yesawich, Jr., JJ., concur.