■ LOUIS ESPOSITO, Respondent, v SANDRA BILLINGS et al., Appellants, et al., Defendant. (Action No. 1.) EDWARD CAMMEROTA, Respondent, v SANDRA BILLINGS et al., Appellants, et al., Defendant. (Action No. 2.) — Appeals from two orders of the Supreme Court at Special Term (Cholakis, J.), entered April 28, 1983 in Schenectady County, which granted motions by plaintiffs in their respective actions for leave to serve amended complaints and denied the cross motions by defendants Sandra Billings and Alma De Cesare to dismiss the complaints. ¶ Plaintiffs, at all times relevant herein, served as officers of the county committee of a major political party of Schenectady County. They seek money damages for alleged libel committed in connection with the publication on November 2, 1981 in the *Schenectady Gazette,* an area newspaper, of a political advertisement allegedly defaming them. The advertisement contained a cartoon which plaintiffs claim depicted plaintiff Louis Esposito as "Fat Hewy" and plaintiff Edward Cammerota as "Fast Eddie". It was alleged that the advertisement imputed criminal conduct on the part of plaintiffs in connection with the disappearance of funds from the City of Schenectady Police Court. The amended complaint alleged further particulars concerning the alleged libelous material. It was claimed that defendants Sandra Billings and Alma De Cesare submitted the advertisement for publication as members of the Committee to Save Our Courts. Also, these defendants were said to have distributed a similar cartoon throughout Schenectady. The actions against the Daily Gazette Company, the publisher of the newspaper, have been discontinued. ¶ Special Term granted plaintiffs' motion to serve amended complaints and denied defendants' cross motions to dismiss the complaints for failure to state a cause of action, for lack of personal jurisdiction due to improper service and improper notice. These appeals ensued. ¶ The orders entered at Special Term should be modified by reversing so much thereof as denied defendants' cross motions to dismiss with respect to defendant De Cesare; the cross motions to dismiss should be granted with respect to her, and, as so modified, the orders should be affirmed. ¶ Defendant Billings' argument that the service of process on her was jurisdictionally defective is without merit. She was personally served with a summons and notice in each action on November 4, 1982 by a deputy sheriff in accord with CPLR 308 (subd 1). The summons and notice in each action had been delivered to the Schenectady County Sheriff prior to expiration of the applicable limitation period and Billings was served within 60 days after the period of limitation would have expired. Thus, Billings was timely served and the actions timely commenced against her (CPLR 203, subd [b], par 5). ¶ However, personal service was not made on defendant De Cesare. The process server left the summons with notice in each action with her husband at the house believed to be her residence at 666 Crane Street in the City of Schenectady on October 29, 1982. On the same date, the summons and notice were mailed to De Cesare at the same address in an attempt to complete service under CPLR 308 (subd 2). On November 4, 1982, a deputy sheriff, after finding no one at home at 666 Crane Street on visits on November 1 and November 3, sought to effect service under the "nail and mail" provisions of CPLR 308 (subd 4). De Cesare argues that 666 Crane Street was not her dwelling place or usual place of abode so that service was not effected under either subdivision 2 or subdivision 4 of CPLR 308. ¶ Proof that De Cesare was separated from her husband since September 23, 1980 and that she has resided at 1214 Main Street in Schenectady since December 15, 1981 was provided

through her affidavit. Since neither the delivery nor the affixing occurred at De Cesare's dwelling place or usual place of abode, there was no effective service (*Feinstein v Bergner,* 48 NY2d 234, 241; *Community State Bank v Haakonson,* 94 AD2d 838, 839). Further, in the absence of any allegations that De Cesare engaged in conduct calculated to prevent plaintiffs from learning her new address, she is not estopped from raising the defect in service as a jurisdictional defense. Special Term incorrectly ruled, therefore, that service on De Cesare was proper. It was improper and personal jurisdiction over her was lacking. Partial reversal of Special Term's orders is therefore required. ¶ We reject defendants' contention that the notices contained in the summonses in these actions were fatally defective in that the statement of the nature of the action as "libel" does not comply with CPLR 305 (subd [b]) is rejected. The nature of the actions was sufficiently stated (see *Skidmore v Carr,* 89 AD2d 600, 601). ¶ Finally, defendants' arguments, that Special Term abused its discretion by granting plaintiffs' motions to amend their respective complaints and that the complaints fail to state a cause of action, are not persuasive. A motion for leave to amend the complaint is addressed to the trial court's discretion (CPLR 3025, subd [b]; *Murray v City of New York,* 43 NY2d 400, 405). Leave to amend should be freely given in the absence of surprise or prejudice resulting from the delay (CPLR 3025, subd [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757). No prejudice from the amendments has been demonstrated by defendants. ¶ These complaints allege sufficient detail to state a cause of action in libel. CPLR 3016 (subd [a]) provides: "In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally." Additionally, the complaint must allege the time, manner and persons to whom the publication was made (see *Geddes v Princess Props. Int.,* 88 AD2d 835). ¶ Orders modified, on the law and the facts, without costs, by reversing so much thereof as denied defendants' cross motions to dismiss with respect to defendant Alma De Cesare; cross motions granted with respect to defendant Alma De Cesare and complaints against her dismissed; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.