■ Lucy Costa et al., Appellants, v Franklin General Hospital, Defendant, and Jose Banzon, Respondent.—In a medical malpractice action, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Oppido, J.), dated June 26, 1985, as after a traverse hearing, dismissed the complaint insofar as it is asserted against the defendant Jose Banzon for lack of personal jurisdiction.

Judgment affirmed insofar as appealed from, with costs.

The credible evidence adduced at the traverse hearing established that the "nailing" of process was to the front door of a house in which the respondent had a separate, distinct and clearly marked office entrance at the side of the building. Such did not, therefore, comply with CPLR 308 (4) which requires affixation to the door of the "actual place of business". Further, the respondent's testimony established that he had never resided in the building so that service cannot be sustained on the basis of it being his actual "dwelling place or usual place of abode" (see, Feinstein v Bergner, 48 NY2d 234, 239; Burkhardt v Cuccuzza, 81 AD2d 821). We have examined the plaintiffs' other contentions and find them to be without merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.