■ SUE A. TOWNSEND, Respondent, v BRIAN HANKS, Appellant, et al., Defendant.

Service was effected upon defendant-appellant Brian Hanks pursuant to CPLR 308 (2) which provides, in pertinent part, that a summons may be delivered "to a person of suitable age and discretion at the actual place of business * * * of the person to be served and by * * * mailing the summons to the person to be served at his last known residence". There is no dispute that the first requirement was met when the summons and complaint were delivered to a receptionist at defendant's actual place of business. Defendant challenges, however, the validity of the mailing, which was addressed to a post-office box he maintains in North Wantagh, New York. His actual place of residence, unknown to the plaintiff at the time of the substitute service, is in Amityville, New York.

In *Feinstein v Bergner* (48 NY2d 234, 241), the court interpreted the clause "last known residence" as having been written into the statute "primarily to address those situations in which the defendant's residence is unknown, but his 'actual place of business' is known to the plaintiff." This definition encompasses the within circumstances, in which plaintiff had the pleadings properly delivered to defendant-appellant's place of business, and then relied upon the only mailing address for defendant-appellant known to her, in order to meet the mailing requirement.

Our dissenting colleague has interpreted the holding in *Feinstein v Bergner (supra)* to require a finding that the service in the case at bar was defective. The facts in *Feinstein,* which involved the "nail and mail" provisions of CPLR 308 (4), are distinguishable. There, the pleadings were both affixed and mailed to the same wrong address, which was that of defendant's parents. Although the defendant, who had previously lived at the address served, received actual notice of the lawsuit when his father mailed the pleadings to his home, the court found that the defective service was not cured, "since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court". *(Feinstein v Bergner, supra, at 241.)*

In contrast, defendant-appellant herein received notice in accordance with the statute's "leave and mail provision", and not by intervention of a third party. The summons and complaint were left at his actual place of business, and he subsequently received copies of these pleadings at his post-office box, the only residential mailing address of which plaintiff, a coemployee, was aware. We note that it is not uncommon for residences to bear post-office box addresses, and that defendant-appellant designated such an address, albeit with what appears to be some selectivity, as a place in which he received residential mail.

Under all of these circumstances, the service effected here met the statutory criteria and, accordingly, satisfied all constitutional requirements of due process. Concur—Kupferman, J. P., Ross, Kassal and Ellerin, JJ.

Smith, J., dissents in a memorandum as follows: I dissent because service was not properly made pursuant to CPLR 308 (2). That section reads, in part, as follows:

"Personal service upon a natural person shall be made by any of the following methods * * *

"2. by delivering the summons within the state to a person

of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by * * * mailing the summons to the person to be served at his last known residence".

In this case it is undisputed that the process server left a summons and complaint on the desk of the telephone operator at the offices of defendant Goldome Bank where defendant Hanks was employed. Subsequently, a summons and complaint were mailed not to the residence of defendant Hanks in Amityville, New York, but to his post-office box in North Wantagh, New York. This mailing to a post-office box did not comply with CPLR 308 (2). A residence is defined as a place in which a person resides or a dwelling place or abode *(Chalk v Catholic Med. Center,* 58 AD2d 822, 824 [2d Dept 1977]). This case falls squarely within the admonition of the Court of Appeals that the receipt of actual notice of a suit does not cure a defect "since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" *(Feinstein v Bergner,* 48 NY2d 234, 241 [1979]).