■ **MTS MINOR TRADING, S.A., et al.,** Appellants, v **CARLOS B. DIAZ,** Respondent. [735 NYS2d 774] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about October 2, 2000, which, after a traverse hearing, granted defendant's motion to vacate a default judgment and dismiss the action for lack of jurisdiction, unanimously affirmed, without costs.

The action was properly dismissed for failure to show that the address where the summons and complaint were delivered to a person other than defendant was defendant's dwelling place or usual place of abode (CPLR 308 [2]; 5015 [a] [4]; *see, Feinstein v Bergner*, 48 NY2d 234, 239-241). Concur—Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.

■ **THE PEOPLE OF THE STATE OF NEW YORK,** Respondent, v **JAMES TAYLOR,** Appellant. [736 NYS2d 35] —Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered May 15, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, 7 to 14 years and 5 to 10 years, unanimously affirmed.

The court appropriately exercised its discretion in denying defendant's motion for a mistrial based upon the prosecutor's cross-examination of defendant on the subject of whether he had previously given his version of the facts to anyone other than his attorney. The questioning, which was responsive to defendant's testimony, was not so prejudicial as to warrant a mistrial. The court's striking of the question and answer and its thorough curative instruction were adequate remedies under the circumstances (*see, People v Santiago*, 52 NY2d 865).

We perceive no basis for reduction of sentence. Concur—Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.