*692 OPINION OF THE COURT
Arlene P. Bluth, J.
Plaintiffs motion for a default judgment against defendant is denied on default.
According to her verified complaint dated December 7, 2015, plaintiff is a Florida resident, and defendant, a “Moroccan-French citizen,” is a “missing person” who has not lived in the United States for 20 years (exhibit A to moving papers). Plaintiff claims that pursuant to a 1986 deed, she and defendant are joint tenants of a parcel of land located in upstate New York, Delaware County (exhibit A to complaint). In paragraphs 11 and 12 of her verified complaint, plaintiff asks that the right to survivorship to this joint tenancy be severed and “all surviving interests be vested on to the surviving joint tenant.” The court notes that the complaint does not seek partition; plaintiff is apparently asking this court to declare that the parcel is exclusively hers based on plaintiffs conclusory assertion that defendant is “missing.”
On a motion for leave to enter a default judgment, a plaintiff is required to file proof of (1) service of the summons and complaint, (2) the facts constituting the claim and (3) the defendant’s default. (See CPLR 3215 [f].) Here, plaintiff has failed to even show proper service of the summons and complaint.
In his affidavit of service (exhibit B to motion), Brandon Babwah stated that after two previous attempts of personal service, he affixed a copy of the summons and complaint to the door of defendant’s “last known address,” 153 Ludlow Street, apartment 2, New York, NY 10022 (sic) on January 26, 2016 and mailed a copy to that address by first-class mail. With the exception of a mistake in the zip code (10022 instead of 10002), the Ludlow Street address is the same address listed for defendant on the deed for the subject property that was executed 30 years ago.
When service cannot be made as provided by CPLR 308 (1) or (2), service can be made under subdivision (4)
“by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the *693 person to be served at his or her actual place of business.”
Preliminarily, plaintiff has not demonstrated the “due diligence” requirement before resorting to CPLR 308 (4). The process server states that he made two visits to the premises between the hours of 9:00 a.m. to 5:00 p.m. before affixing process to the apartment door, again during normal business hours. This court finds that three visits by the process server, all during normal business hours, does not constitute due diligence. (See Earle v Valente, 302 AD2d 353 [2d Dept 2003].)
More to the point, however, even if plaintiff had established due diligence, the attempted service would still have been defective as a matter of law. While a last known residence “suffices for the mailing requirement, it does not suffice for the affixing requirement.” (Siegel, NY Prac § 74 at 122 [5th ed 2011], citing Feinstein v Bergner, 48 NY2d 234 [1979].)
Where, as here, plaintiff asserts in her complaint and motion papers that defendant is a missing person who has not lived in the United States for more than 20 years, an attempt to serve defendant at a 30-year-old address will obviously fail. As the Appellate Division, First Department held in Polansky v Paugh (23 AD2d 643, 643 [1st Dept 1965]), “(w)here it appears prior to the attempted substituted service the defendant does not reside at the stated address, due process is not satisfied because there is no reasonable probability of notice to the defendant of the pending action” (citation omitted). Serving defendant, who according to plaintiff is a “missing person,” at a 30-year-old address had no reasonable probability of success.
Accordingly, plaintiff’s motion for entry of a default judgment is denied on default.

 On January 22, 2016 at 10:30 a.m. and January 25, 2016 at 2:00 p.m.