23-7903-cv
*Zhu Jun v. Bank of America, N.A.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-four.

PRESENT:
> BETH ROBINSON,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

Zhu Jun, AKA Jun (Jane) Le Gall,

> *Plaintiff-Appellant,*

> v.                                                    No. 23-7903

Bank of America, N.A., Bank Santander, N.A,

> *Defendants-Appellees,*

Daniel Smith, Fred Hurd or Estate of Fred Hurd, Dave Grayson,

> *Defendants.*

**FOR PLAINTIFF-APPELLANT:**   JUN LE GALL (Zhu Jun), pro se, Asnières-sur-Seine, France.

**FOR DEFENDANTS-APPELLEES:**  RICHARD COPPOLA, Cullen and Dykman LLP, New York, NY (*for* Bank Santander, N.A.);

               SHAN P. MASSAND, McGuireWoods LLP, New York, NY (*for* Bank of America, N.A.).

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Zhu Jun or Jun Le Gall ("Le Gall") sued Bank of America ("BOA") and Santander Bank, as well as three individuals, alleging that she was scammed out of over $600,000. Le Gall did not file proofs of service with respect to two individual defendants within 90 days of filing the complaint and the proof of service for the third individual defendant was insufficient. Thereafter, the district court ordered that service be made within a specified period of time, but Le Gall never served one defendant and provided insufficient proofs of service

2

for the other two. When the bank defendants moved to dismiss the operative complaint, the district court granted the motion, dismissed the claims against the banks, and on its own initiative dismissed the claims against the individual defendants for failure to timely serve them. *See Zhu Jun v. Bank of Am., N.A.*, No. 22-CV-10466 (JMF), 2023 WL 7220755 (S.D.N.Y. Nov. 2, 2023).

On appeal, Le Gall, now representing herself, moves to reopen the case because she obtained new evidence, to strike several of the banks' filings, and for a directed judgment. Santander moves to strike portions of Le Gall's brief and appendix. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## I. Dismissal of Individual Defendants

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days of the filing of the complaint, a court must dismiss the action against the defendant or order that service be made within a specified time. We review a dismissal under Rule 4(m) for abuse of discretion. *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). "A district court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding, or (2) its decision cannot be located within the range of permissible

3

decisions." *Buon v. Spindler*, 65 F.4th 64, 74 (2d Cir. 2023) (internal quotation marks and ellipses omitted).

The district court did not abuse its discretion by dismissing the complaint against the individual defendants for lack of timely service. The complaint was filed on December 11, 2022. Ninety days after that date was March 11, 2023, by which point Le Gall had provided only one affidavit of service, and that affidavit reflected that defendant Daniel Smith was not properly served. Le Gall filed no proofs of services with respect to defendants Frederick Hurd or David Grayson. After hearing from Le Gall's counsel about the reasons for the delay, the district court provided an extension beyond the 90 days and ordered Le Gall to provide proofs of service by April 26, 2023. However, Le Gall never provided any proof of service on Hurd. Therefore, the district court did not abuse its discretion by dismissing the amended complaint against him.

The district court also did not abuse its discretion by dismissing the amended complaint against Smith and Grayson. Although Le Gall provided affidavits of service concerning those defendants, those affidavits did not show that Smith and Grayson were properly served pursuant to Rule 4 or state law. To serve a summons and complaint on an individual, a plaintiff must either

4

follow state law, personally serve the individual defendant, leave a copy of the summons and complaint at the defendant's dwelling with a person of appropriate age, or deliver a copy to an agent authorized to receive service of process. *See* Fed. R. Civ. P. 4(e).

With respect to Smith, the affidavit stated that he was not personally served and that the process server affixed a copy of the summons and amended complaint on the door of his place of business, a KeyBank branch in Boston. This does not comport with Rule 4, or Massachusetts or New York state law. Massachusetts requires that copies of a summons and complaint be delivered to or left at a party's "last and usual place of abode." Mass. R. Civ. P. 4(d)(1). And New York requires that, in addition to affixing the summons to the door of the individual's actual place of business, the party seeking to effect service mail the summons by first class mail to the last known residence or place of business in an envelope marked "personal and confidential" that does not indicate on the outside that it relates to service of process. *See* N.Y. C.P.L.R. § 308(4).

Similarly, the affidavit for Grayson did not show proper service. That affidavit stated that the process server affixed a copy of the summons and complaint to the door of a New York residence and also mailed a copy to the

same address. An occupant at the residence, however, advised that Grayson did not reside there. This service was insufficient under New York law because there is no basis in the service documents or otherwise in the record to conclude that the residence was Grayson's "actual" dwelling or usual place of abode. N.Y. C.P.L.R. § 308(4). *See also Feinstein v. Bergner*, 48 N.Y.2d 234, 241 (1979) (requiring the affixation to be done at the defendant's actual dwelling place or usual place of abode).

Accordingly, the district court did not abuse its discretion by dismissing the claims against the individual defendants for failure to make timely service under Federal Rule of Civil Procedure 4(m).

## II.   Bank Defendants

We review the grant of a motion to dismiss without deference to the district court, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). For the reasons set forth below, the district court properly dismissed Le Gall's amended complaint against the bank defendants.

All of Le Gall's claims against the banks fail for essentially the same reason: the amended complaint does not adequately allege the knowledge or

participation of either bank in the events giving rise to Le Gall's claims.

Le Gall alleged that she dealt with Hurd until his death in 2021, then Smith, and finally Grayson. The complaint did not sufficiently allege that any of these individual defendants were authorized representatives of either bank for purposes of the purported loan agreement. Le Gall conclusorily alleges on information and belief that Hurd was an employee of Bank of America, and four paragraphs later alleges that he told her he worked in the private banking division of Santander. *See* Supp. App'x at 4-5. She conclusorily alleges on information and belief that Smith, who is alleged to have begun communicating with Le Gall only *after* Le Gall executed the purported loan agreements, worked for Santander. And she did not allege that Grayson acted on behalf of either defendant bank. In the context of her allegations as a whole—reflecting a fraudulent scheme to entice Le Gall to pay over $600,000 in up front monies in expectation of an unsecured loan of over $80 million—these conclusory and at times contradictory allegations are insufficient to plausibly allege that either defendant bank knew of or participated in the scheme.

More specifically, Le Gall failed to state a claim for breach of contract. "Under New York law, a breach of contract claim requires proof of (1) an

7

agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011). "To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound[.]" *Kowalchuk v. Stroup*, 61 A.D.3d 118, 121 (1st Dep't 2009) (citing 22 N.Y. Jur. 2d, Contracts § 9). Le Gall's allegations are insufficient to show that either bank entered into an agreement with Le Gall. While some of the loan documents were purportedly on BOA letterhead, in the context of this fraudulent scheme involving a loan purportedly originated by Santander, that alone is not sufficient to plausibly establish that either of the banks offered and assented to a loan agreement with Le Gall. Accordingly, the amended complaint failed to allege facts showing that Le Gall entered into enforcement agreements with the banks.

Second, Le Gall failed to state a claim for conversion, which occurs "when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997) (internal quotation marks omitted). Le Gall failed to allege that either of the bank defendants exercised control over

8

her property because she did not allege any facts showing that either ever received her money.

Third, Le Gall did not sufficiently plead common law fraud, which requires "a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff." *Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970–71 (2d Cir. 1987). Again, Le Gall did not allege any facts showing that Santander or BOA made material, false representations to her or that the banks had an intent to defraud her. Rather, Le Gall communicated exclusively with the individual defendants, and she has not plausibly alleged that they represented either of the defendant banks.

Lastly, Le Gall objects to the district court's denial of leave to amend her complaint a second time. We generally review denials of leave to amend for abuse of discretion, *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), but exercise review without deference when the denial was premised on a question of law, *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023). We identify no error in the district court's denial of leave to amend. Although Le Gall theoretically could have pleaded additional facts showing the bank defendants' involvement in the various claims, none of her submissions to the

9

district court or arguments on appeal have identified any such facts.

### III. Pending Motions

Several motions are pending. We dispose of them as follows.

We deny Le Gall's motion to reopen the case premised on 2024 emails from Hurd, which allegedly show that he was still alive. First, as Santander argues, these emails are not a part of the record on appeal. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 46 (2d Cir. 2000) (explaining that evidence submitted for the first time on appeal was "simply not part of the record" and "cannot be considered in deciding this case"). Even if these emails were part of the record, they do not alter the fact that Le Gall failed to timely serve Hurd.

We deny both Le Gall's motion for a directed judgment and her motions to strike Santander's motion and the bank defendants' opposition papers. First, Santander's motion and the opposition papers are properly in the record. Second, as discussed above, the district court properly dismissed Le Gall's amended complaint, and judgment in her favor is not warranted. We deny as moot Santander's motion to strike portions of Le Gall's brief and appendix.

* * *

We have considered Le Gall's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** all pending motions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court