| |
|---|
| **Royalty Recovery, Inc. v Jordan** |
| 2025 NY Slip Op 30365(U) |
| January 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653067/2022 |
| Judge: Verna L. Saunders |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. VERNA L. SAUNDERS, JSC**            PART    36
                                        *Justice*

-------------------------------------------------------------------------X

ROYALTY RECOVERY, INC.,                                 INDEX NO.            653067/2022
                              Plaintiff,
                                                        MOTION SEQ. NO.    002; 003; 004

                    - v -
                                                        **DECISION + ORDER ON**
STEVE JORDAN P/K/A STEVIE J,                                   **MOTION**
                              Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 14, 15, 16, 17, 18, 19, 20, 21, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 84, 85, 86, 91, 92, 110, 111

were read on this motion to/for                    **DISMISSAL**                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 22, 23, 24, 25, 26, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 83

were read on this motion to/for          **QUASH SUBPOENA, FIX CONDITIONS**          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 80, 81, 82, 88, 89, 90

                                                **VACATE/STRIKE - NOTE OF ISSUE/JURY**
were read on this motion to/for            **DEMAND/FROM TRIAL CALENDAR**          .

Plaintiff, a company that specializes in recovering unpaid royalties and managing those assets for artists, songwriters, producers, and musicians, commenced this action against defendant, artist/producer/musician/songwriter/actor Steve Jordan, who performs under the name Stevie J, asserting claims based on breach of contract; accounting; and declaratory judgment; and a claim for alter ego.

Previously, plaintiff moved for a default judgment as against defendant. The court partially granted plaintiff's motion. (See NYSCEF Doc. No. 10, *July 11, 2023 decision and order on Mot. Seq. 001*). Thereafter, defendant moved this court, pursuant to CPLR 5015(a) and 3211(a)(8), for an order vacating the court's July 11, 2023 order and sought that the complaint be dismissed as against him on the ground of improper service (NYSCEF Doc. No. 14, *notice of motion*).

There, by memorandum of law (NYSCEF Doc. No. 15), defendant argued that the plaintiff incorrectly claimed that he was duly served by substituted service by delivering a copy of the complaint to his "daughter" at his "dwelling place" or "usual place of abode." He maintained that the location of service was not his "dwelling place" or "usual place of abode", nor was the person served his daughter. The court directed defendant to provide the court with a supplemental affidavit for in-camera review, detailing his place of residence at time of service. Defendant did so and upon review the court found that a traverse hearing on the issue of service of process was warranted. (NYSCEF Doc. No. 110, *May 20, 2024 Interim Order*).

**653067/2022  ROYALTY RECOVERY, INC. vs. STEVE JORDAN P/K/A STEVIE J**          **Page 1 of 4**
Motion No.  002 003 004

1 of 4

[* 1]

The traverse hearing was held on October 9, 2024 and continued on October 30, 2024. The court hereby makes the following findings of fact and conclusions of law.

Sarah Matz, Esq. and Celena Stoia, Esq. of Adelman Matz, PC appeared on behalf of plaintiff. Joshua Leader, Esq. and Jess Coleman, Esq. of Leader Berkon Colao & Silverstein appeared for defendant Stevie J.

Plaintiff called Keith Tollhurst, a licensed private investigator to testify. Mr. Tollhurst was hired by Jeff Gandal of plaintiff Royalty Recovery. Mr. Tollhurst testified that he searches for people utilizing public databases, paid and private databases, and skip tracing and then sends the information to a process server to serve. He searched for defendant using Lexis/Nexis databases, as well as, conducting searches for liens and judgments. He also testified to searching for traffic reports. He located a 2020 summons that defendant purportedly received for unlicensed driving. On cross-examination, Mr. Tollhurst testified that although he ran reports, he did not serve defendant Mr. Jordan. He testified to locating a California address ("Agnew Avenue") for Mr. Jordan and that no other addresses were indicated for defendant after the Agnew Avenue address. He testified that someone had to go to the Agnew Avenue premises. He did admit celebrity addresses may not be apparent in aims of their attempts to avoid harassment.

Michael Switlyk of Switlyk & Associates, a licensed private investigator also testified on behalf of plaintiff. He testified that on November 18, 2022, he went to the Agnew Avenue address to meet Faith Evans. Thereafter, he returned to the premises on November 21, 2022, at or about 3:30 PM. After November 21, 2022, upon speaking with Mr. Tollhurst he went back to the Agnew Avenue premises on December 7, 2022. He indicated that as he had previously had a contentious exchange with Ms. Evans, he asked Mr. Tollhurst to send someone with him. Thereafter, on December 7, 2022, he returned to the premises with a process server. He testified to remaining in the car when the process server went to the Agnew Avenue premises and that he did not directly observe the process server's interactions at the door of premises. On cross-examination, Mr. Switlyk denied conducting any independent research about defendant, running any searches, or taking any photographs or videos at the premises. He did hire the process server to effectuate service.

Michelle Lamorie, a registered process server and traveling notary, testified that she served process on defendant's daughter at the Agnew Avenue address and mailed the summons and complaint on December 8, 2022. On cross-examination, it was elicited that Ms. Lamorie was hired by Mr. Switlyk and that he provided the address at which she was to serve defendant [the Agnew Avenue address]. She admitted that she conducted no independent research to ascertain an address for defendant and that she had no personal knowledge that defendant resided at the location, only the purported statement of defendant's daughter. She testified that she did not video or photograph the defendant at the premises and had not attempted service at that address on either November 18, 2022 or November 21, 2022; that Mr. Switlyk had attempted service at those times. She testified that while she did remember mailing the summons and complaint, she had no additional records or time sheets as to the service. She testified that her phone, which might have contained such records, has since been lost.

Thereafter, the plaintiff rested.

Faith Evans testified on behalf of defendant. Ms. Evans testified that she was previously married to defendant and that she owns the Agnew Avenue premises and did so in December 2022.

**653067/2022  ROYALTY RECOVERY, INC. vs. STEVE JORDAN P/K/A STEVIE J**                    **Page 2 of 4**
**Motion No.  002 003 004**

2 of 4

Ms. Evans testified that she and defendant, her former spouse, lived together at the Agnew Avenue address until May 2022, that he did not live in the premises in December 2022, and that he never attempted to move back after vacating the premises. She further testified that while she did recall speaking to someone about a lawsuit, she did not recall if it was in October or November of 2022. She did recall that her daughter indicated that she spoke with someone. On cross-examination, Ms. Evans testified that in May 2022, defendant lived in another state possibly, that mail would occasionally be sent to the Agnew Avenue address and defendant would sometimes pick up mail. She testified that defendant never returned to the Agnew Avenue address to visit with her daughter, that he did not possess keys to the premises after May 2022 through April 2023. She testified that her divorce was final in June or July 2023 and that in April 2023 defendant borrowed her car without her permission and she filed a police report. When questioned as to whether she had conversations with Michael Switlyk and/or indicated to him that her attorney Angela Robinson should be contacted, Ms. Evans testified that she did not recall. Ms. Evans testified that appearing from defendant's social media, other states he may have been in were New Jersey, New York, Pennsylvania, Arizona, Georgia, and Florida.

Defendant Steve Jordan testified on his own behalf. He testified that he was never personally served with the summons and complaint in this action, that he never received any copy by mail and that he did not live at the Agnew Avenue address after April/May 2022, nor was it his place of business. He testified when he resided there, he did so with Ms. Evans who was then his wife. Mr. Jordan further testified that at the time he left the Agnew Avenue address in April/May 2022, he left his belongings at the home of his business manager, Tammy Grant. He testified that he never moved back into the Agnew Avenue address and that in May 2022 he worked as a producer at Love Records which is located in Miami Beach, FL. He further testified that as part of his employment at Love Records, he was provided housing at 2 Star Island, Miami Beach and, prior to that point, he was saying at the W Hotel. He testified that since his departure from the Agnew Avenue address, he has not purchased or leased premises and his belongings are at Star Island which has been his home since May 2022, though he now spends time in Alabama with his mother who is ill.

On cross-examination, defendant testified that he has not had mail forwarded to him nor does he have any utility or cell phone in his name. He testified that he is unaware of who pays for his cell phone, that he has no credit cards, and the last driver's license he possessed was in 2022. He believes he was licensed in the State of New Jersey. Before May 2022, defendant did possess an identification card listing the Agnew Avenue address. Defendant further testified that from May 2022 and December 2022, he never returned to the Agnew Avenue address, never stayed over, and that he only returned to the premises in April 2023 when he admits that he took Ms. Evans' car. On that instance, he entered the premises through the back door, which was open. He did not use a key. Mr. Jordan further testified that he was never named on any utility, cable, or other bills before he moved out. While there was some questioning regarding a California tax lien allegedly connected to the Agnew Avenue address, defendant responded that his business manager changed the address.

Plaintiff called Mr. Tollhurst in rebuttal who testified that an April 5, 2023, tax lien listed the Agnew Avenue address thereupon.

Here, defendant claims that the premises [Agnew Avenue] at which he was purportedly served by substituted service was not his dwelling place or usual place of abode, nor his place of business. "A 'dwelling place' is one at which the [party to be served] is actually residing at the time of delivery . . . [, and] [t]he 'usual place of abode' is a place at which the [party] lives with a degree

**653067/2022  ROYALTY RECOVERY, INC. vs. STEVE JORDAN P/K/A STEVIE J**  **Page 3 of 4**
**Motion No.  002 003 004**

3 of 4

of permanence and stability and to which he [or she] intends to return" (*Matter of William A. (Jessica F.)*, 192 AD3d 1474, 1475 [4th Dept 2021], quoting *Deutsche Bank Natl. Trust Co. v O'King*, 148 AD3d 776, 777 [2d Dept 2017]; see also *Feinstein v Bergner*, 48 NY2d 234, 239 n 3 [1979]).

While plaintiff's witnesses have testified credibly about the actions undertaken prior to attempting to serve Mr. Jordan at the Agnew Avenue location, they have failed to show that those efforts yielded reliable information as to the fact that defendant actually resided there on December 8, 2022, or that he lived there in December 2022 with permanence or stability and actually planned to return there. Defendant's testimony that he permanently vacated the Agnew Avenue premises at least seven months before purported delivery of the pleadings to his stepdaughter, his testimony that he was employed in Miami Beach, Florida from approximately May 2022 onward, and that his personal belongings were moved out of the Agnew Avenue address to his business manager's home when he vacated the premises lend credence to the assertion that he no longer lived there at the time of service. Moreover, defendant's witness Ms. Evans' credible testimony regarding the parties' separation in or about April/May 2022 and their subsequent divorce, and the nature of the relationship between the parties as demonstrated by defendant's admitted unauthorized taking of Ms. Evans' car in April 2023 and related police involvement regarding same, further support defendant's claim that Agnew Avenue was not his dwelling place or usual place of abode and rebuts plaintiff's contentions that service was proper on Mr. Jordan by delivery of papers to that address. Plaintiff's reliance on an April 2023 tax lien listing the Agnew Avenue address establishes, at best, that the Agnew Avenue address was defendant's last known address. However, a defendant's last known residence cannot be equated to place of abode or dwelling place (see *Feinstein v Bergner*, 48 NY2d at 239).

Thus, based on the evidence adduced at the hearing, this court credits the testimony of defendant Jordan and finds that plaintiff failed to meet its burden as to the propriety of the service of the pleadings in this matter and the traverse objection is sustained. Accordingly, it is hereby

**ORDERED** that the traverse objection is sustained, the motion (Motion Sequence 002) is granted, and the action is hereby dismissed for lack of proper service; and it is further

**ORDERED** that the remaining motions (Motion Sequence 003 & 004) are hereby rendered moot; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, defendant shall serve a copy of this order on plaintiff with notice of entry.

___January 21, 2025___

___HON. VERNA L. SAUNDERS, JSC___

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653067/2022 ROYALTY RECOVERY, INC. vs. STEVE JORDAN P/K/A STEVIE J**
Motion No. 002 003 004

Page 4 of 4

[* 4]

4 of 4